IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STARPAK CORP. d/b/a § | | |
| StarPak, Ltd., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-3572 | |
| § | | |
| COMMERCE & INDUSTRY § | | |
| INSURANCE COMPANY, § | | |
|     Defendant. § | | |

**MEMORANDUM AND ORDER**

This insurance coverage dispute is before the Court on the Motion for Summary Judgment ("Plaintiff's Motion") [Doc. # 10] filed by Plaintiff StarPak Corp. ("StarPak"). Defendant Commerce & Industry Insurance Company ("CIIC") filed a Response and Cross-Motion for Summary Judgment ("Defendant's Motion") [Doc. # 14], to which StarPak filed a combined Response and Reply [Doc. # 15], Defendant filed a Reply [Doc. # 18], and StarPak filed a Sur-Reply [Doc. # 19]. Having reviewed the full record and applicable legal authorities, the Court **denies** both motions as premature.

## I.    BACKGROUND

StarPak is a non-subscriber to the Texas Workers' Compensation Act ("WCA"). Instead, StarPak purchased employer's liability insurance (the "Policy")

from CIIC. The Policy contains an "Endorsement No. 22" that provides in paragraph 1 that the insurance applies to "Bodily Injury arising out of or in the course of the injured employee's employment by the Insured . . . in the state of Texas." *See* Endorsement No. 22, Policy, Exh. C to First Amended Complaint [Doc. # 2]. Endorsement No. 22 provides in paragraph 2, however, that the insurance does not apply "to any loss that would be payable under the Workers' Compensation Law of Texas but for the Insured's decision to opt out of the Texas Workers' Compensation system." *Id.* Endorsement No. 22 provides further that CIIC is not obligated to assume the investigation, settlement or defense of any claim made. *Id.*

Enrique Mendoza and Travis Workman, employees of StarPak, were injured on June 2, 2010, when they were "electrically shocked and burned" while acting in the course and scope of their employment. Mendoza and Workman have claims against StarPak and related entities pending before Judicial Workplace Arbitration, Inc. Mendoza and Workman assert that their injuries were caused by StarPak's negligence and gross negligence. *See* Petitions in Arbitration, Exhibits A and B to First Amended Complaint. Mendoza and Workman each allege losses including physical pain, mental anguish, medical expenses, lost wages, disfigurement, physical impairment, and loss of enjoyment of life. *See id.*

StarPak presented a timely claim under the Policy for coverage for the Mendoza and Workman claims. CIIC denied coverage, stating that Endorsement No. 22 of the Policy excludes coverage for a claim that would be payable under the Texas WCA. StarPak filed this lawsuit seeking a declaration of coverage under the CIIC Policy. The parties filed cross-motions for summary judgment on the coverage issue, which have been fully briefed and are now ripe for decision.

## II.   DUTY TO INDEMNIFY

Endorsement No. 22 provides that CIIC is not obligated to assume the investigation, settlement or defense of any claim made against StarPak under the Endorsement. *See* Endorsement No. 22. Consequently, there is no duty to defend issue presented in this case.

The issue presented by the parties is, instead, whether CIIC is obligated to indemnify StarPak for any recovery by Mendoza and Workman in the underlying arbitration. Generally, Texas law considers the duty-to-indemnify question justiciable only after the underlying suit is concluded. *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex.1997); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536-37 (5th Cir. 2004). The Court finds that the indemnification issue in this case is particularly non-justiciable at this point because Endorsement No 22 excludes coverage for "any loss" – as opposed to any "claim" – that "would be

payable under the Workers' Compensation Law of Texas but for the Insured's decision to opt out of the Texas Workers' Compensation system." Mendoza and Workman allege and seek recovery for losses such as expenses for medical care and lost wages that would "be payable under the Workers' Compensation Law of Texas but for" StarPak's decision to opt out of the system. Mendoza and Workman allege and seek recovery for other losses, such as pain and mental anguish, that would not "be payable" under the Texas WCA. *See Mendoza v. Old Republic Ins. Co.*, 333 S.W.3d 183, 187 (Tex. App. – El Paso 2010, review denied) (noting that pain is not a compensable injury under the Texas WCA) (citing *Saldana v. Houston Gen. Ins. Co.*, 610 S.W.2d 807, 811 (Tex. Civ. App. – Houston [1st Dist. 1980, writ ref'd n.r.e.)). As a result, the indemnification issue cannot be decided by this Court until the arbitrator determines which particular losses, if any, are included in the arbitration award.

## III.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the indemnity issue is not ripe for adjudication because the underlying claims have not yet been resolved in the arbitration proceeding. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 10] and Defendant's Motion for Summary Judgment [Doc. # 14] are **DENIED** as premature.

SIGNED at Houston, Texas, this **9th** day of **January, 2012**.

*[signature]*

Nancy F. Atlas
United States District Judge