# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STARPAK CORP. d/b/a § | | |
| StarPak, Ltd., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-3572 |
| § | | |
| COMMERCE & INDUSTRY § | | |
| INSURANCE COMPANY, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Restated Motion for Summary Judgment ("Motion") [Doc. # 27] filed by Plaintiff StarPak Corp. ("StarPak"). Defendant Commerce & Industry Insurance Company ("CIIC") filed a Response [Doc. # 29], to which StarPak filed a Reply [Doc. # 30]. Having reviewed the full record and applicable legal authorities, the Court **grants in part and denies in part** the Motion.

## I.   BACKGROUND

StarPak is a non-subscriber to the Texas Workers' Compensation Act ("WCA"). Instead, StarPak purchased employer's liability insurance (the "Policy")

from CIIC.[1]  The Policy contains an "Endorsement No. 22" that provides in paragraph 1 that the insurance applies to "Bodily Injury arising out of or in the course of the injured employee's employment by the Insured . . . in the state of Texas."  *See* Endorsement No. 22, Policy, Exh. C to Second Amended Complaint [Doc. # 26]. Endorsement No. 22 provides in paragraph 2, however, that the insurance does not apply "to any loss that would be payable under the Workers' Compensation Law of Texas but for the Insured's decision to opt out of the Texas Workers' Compensation system."  *Id.*

Enrique Mendoza and Travis Workman, employees of StarPak, were injured on June 2, 2010, when they were "electrically shocked and burned" while acting in the course and scope of their employment.  Mendoza and Workman have claims against StarPak and related entities pending before Judicial Workplace Arbitration, Inc. ("Underlying Arbitrations").  Mendoza and Workman assert that their injuries were caused by StarPak's negligence and gross negligence.  *See* Petitions in Arbitration, Exhibits A and B to Second Amended Complaint.  Mendoza and Workman each

---

[1] StarPak is covered separately by an ERISA plan that provides medical and income benefits to its employees injured in the course and scope of their employment, as well as by a Comprehensive Employers Indemnity policy with a limit of $5,000,000.00. The existence of these separate policies, however, is irrelevant to the Court's construction of the CIIC Policy.

allege losses including physical pain, mental anguish, medical expenses, lost wages, disfigurement, physical impairment, and loss of enjoyment of life.  *See id.*

StarPak presented a timely claim under the Policy for coverage for the Mendoza and Workman claims.  CIIC denied coverage, stating that Endorsement No. 22 of the Policy excludes coverage for a claim that would be payable under the Texas WCA.  StarPak filed this lawsuit seeking a declaration of coverage under the CIIC Policy.  The parties filed cross-motions for summary judgment on the indemnity issue, which the Court denied as premature.

Plaintiff then filed a Second Amended Complaint [Doc. # 26] seeking only a declaratory judgment regarding whether the pleadings in the Underlying Arbitrations are covered by the Policy.  Plaintiff also filed a Restated Motion for Summary Judgment on the coverage issue.

## II.   ANALYSIS

### A.   Policy Interpretation

Under Texas law, the meaning of an insurance contract is to be determined under the standards applicable to contracts generally.  *See One Beacon Ins. Co. v. Crowley Marine Servs.*, 648 F.3d 258, 271 (5th Cir. 2011); *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987).  A court's primary concern is to give effect to the

intention of the parties as expressed by the policy language. *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001) (citing *Ideal Lease Serv., Inc. v. Amoco Prod. Co.,* 662 S.W.2d 951, 953 (Tex. 1983)).

"If the contract is worded so that it can be given a definite meaning, it is unambiguous and a judge must construe it as a matter of law." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005); *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex. 1965). A contract is ambiguous only "when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning." *Kern v. Sitel Corp.*, 517 F.3d 306, 309 (5th Cir. 2008) (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). "The fact that the parties disagree as to coverage does not create an ambiguity." *Valmont Energy Steel, Inc. v. Commercial Union Ins. Co.*, 359 F.3d 770, 773 (5th Cir. 2004); *see also Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 597 (5th Cir. 2011); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994). The determination of whether a contract is ambiguous is a question of law. *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 562 (5th Cir. 2010) (citing *Kelley-Coppedge, Inc. v. Highlands Ins. Co.,* 980 S.W.2d 462, 464 (Tex. 1998)). Only if the contract is subject to more than one reasonable interpretation will it be deemed ambiguous and interpreted in favor of coverage for the insured. *Rentech*, 620 F.3d at 562-63; *Lambrecht & Assocs., Inc. v. State Farm Lloyds*, 119 S.W.3d 16,

20 (Tex. App. – Tyler 2003, no pet.) (citing *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997)).

### B.     Endorsement No. 22

The Court holds that Endorsement No. 22 is unambiguous.  The Endorsement provides clearly and unequivocally that it excludes coverage for "any loss" – as opposed to any "claim" – that "would be payable under the Workers' Compensation Law of Texas but for the Insured's decision to opt out of the Texas Workers' Compensation system."  StarPak argues that there exists a distinction between common law damages and WCA benefits.  While accurate, the argument is irrelevant to the application of Endorsement No. 22.  The focus of the Endorsement is on whether the *loss* asserted by the underlying plaintiff "would be payable" under the Texas WCA, not on whether the underlying plaintiff *seeks recovery* for the payable loss under the Texas WCA or, instead, under the common law.  For example, one of the losses asserted by the underlying plaintiffs is lost wages.  This loss would be payable under the Texas WCA.  The fact that the loss would also be compensable through a common law negligence claim for damages is not relevant to whether the loss (lost wages in this example) "would be payable" under the Texas WCA but for StarPak's decision to opt out of the workers' compensation program.

Mendoza and Workman allege and seek recovery for losses such as expenses for medical care and lost wages that would "be payable under the Workers' Compensation Law of Texas but for" StarPak's decision to opt out of the system. Mendoza and Workman allege and seek recovery for other losses, such as pain, disfigurement, and mental anguish, that would not "be payable" under the Texas WCA. *See Mendoza v. Old Republic Ins. Co.*, 333 S.W.3d 183, 187 (Tex. App. – El Paso 2010, review denied) (noting that pain is not a compensable injury under the Texas WCA) (citing *Saldana v. Houston Gen. Ins. Co.*, 610 S.W.2d 807, 811 (Tex. Civ. App. – Houston [1st Dist. 1980, writ ref'd n.r.e.)).  Consequently, any compensation the underlying plaintiffs recover for certain losses will be covered by the Policy while compensation for other losses will fall within the exclusion of Endorsement No. 22.  The focus is on the loss itself, not on the cause of action or other legal method pursuant to which the underlying plaintiff seeks to recover for the loss.

## III.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the claims in the Underlying Arbitrations for losses such as expenses for medical care and lost wages that would "be payable under the Workers' Compensation Law of Texas but for" StarPak's decision to opt out of the system are excluded by Endorsement No. 22 and, therefore,

are not covered by the Policy. The claims in the Underlying Arbitrations for losses such as pain, disfigurement, and mental anguish that would not "be payable" under the Texas WCA, however, are covered by the Policy. Accordingly, it is hereby

**ORDERED** that StarPak's Restated Motion for Summary Judgment [Doc. # 27] is **GRANTED IN PART AND DENIED IN PART**. The Court will issue a separate final order.

SIGNED at Houston, Texas, this **28th** day of **February, 2012**.

_____
Nancy F. Atlas
United States District Judge